UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-62539-WJZ

FREDERICK SIEGMUND, derivatively on
behalf of LINKWELL CORPORATION,

        Plaintiff,

v.

XUELIAN BIAN, WEI GUAN, SONG QIANG
CHEN, LING LI, METAMINING, INC.,
METAMINING NEVADA, INC.,
CD INTERNATIONAL ENTERPRISES, INC.,
CHINA DIRECT INVESTMENTS, INC., and
CAPITAL ONE RESOURCE CO., LTD.,

        Defendants,

and LINKWELL CORPORATION,

        Nominal Defendant.
_____/

### METAMINING NEVADA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Metamining Nevada, Inc. ("Metamining Nevada"), through undersigned counsel, files this Motion for Judgment on the Pleadings regarding Plaintiff's Verified Shareholders Derivative Complaint [D.E. 1], and states as follows:

#### INTRODUCTION AND BACKGROUND

##### Facts Alleged in the Complaint

Plaintiff Frederick Siegmund ("Plaintiff") has sued the directors of Linkwell Corporation ("Linkwell") – Xuelian Bian, Wei Guan, Song Qiang Chen, and Ling Li – alleging a vast scheme to defraud the minority shareholders of Linkwell by stripping it of its lucrative Chinese disinfectant business for no consideration. [D.E. 1, ¶¶ 3-7, 122-24.] In a 2012 transaction, Linkwell purchased

Metamining Nevada – an entity holding significant and valuable iron ore mining rights – from Metamining, Inc. in exchange for 88% of Linkwell's equity. [D.E. ¶¶ 64-99.] At that time, Chen and Li were appointed to Linkwell's board. [D.E. 1, at ¶¶ 5, 74.] Defendants China Direct Investments, Inc., CD International Enterprises, Inc., and Capital One Resource Co., Ltd. (together "CD Defendants") acted as consultants on the transaction. [D.E. 1, ¶¶ 4, 40, 63.]

Plaintiff claims that the directors breached their duties by purchasing Metamining Nevada, allegedly a worthless "private shell company with no assets, operations or meaningful prospects." [D.E. 1, ¶ 3.] Plaintiff insists that Bian and Guan must have received other compensation, because it "did not make sense that [Bian] and [Guan] who have collectively devoted approximately 57 years to running Linkwell's operating subsidiaries . . . would walk away with almost nothing in return from the Transaction." [D.E. 1, ¶ 69.]

In reality, Linkwell has not "spun off" its disinfectant business, and Linkwell's decision to purchase Metamining Nevada was a sound exercise of its directors' considerable autonomy under Florida's business judgment rule, Fla. Stat. § 607.0831. Ultimately, discovery will demonstrate that Plaintiff's "Verified" Complaint, which is almost entirely alleged "upon information and belief," is little more than a fantasy.

Procedural Posture

Chen, Li, Metamining, and Metamining Nevada jointly answered the Complaint on June 7, 2013, denying the majority of Plaintiff's allegations. [D.E. 50.] The CD Defendants answered the same day. [D.E. 49.] Linkwell was served with the Complaint but has never answered or otherwise responded. Bian and Guan, citizens and residents of the People's Republic of China, have never been served.

Plaintiff has asserted a variety of (spurious) claims in the Complaint against the various defendants. The following chart explains which claim is asserted against which defendant:

| Count | Claim | Defendants |
|---|---|---|
| 1 | breach of fiduciary duty | the "Director Defendants" (Bian, Guan, Chen & Li) |
| 2 | aiding and abetting breach of fiduciary duty | Metamining and the CD Defendants |
| 3 | constructive fraud | the "Director Defendants" |
| 4 | civil conspiracy | the "Director Defendants," Metamining & the CD Defendants |
| 5 | unjust enrichment | Chen, Li, Metamining, and the CD Defendants |
| 6 | constructive trust | the "Director Defendants" and Metamining |
| 7 | attorneys' fees | all defendants |

Notably, <u>not a single claim is alleged against Metamining Nevada</u>.

Metamining Nevada now moves for judgment on the pleadings, as the Verified Shareholders Derivative Complaint [D.E. 1] does not seek any affirmative relief against it. Plaintiff seeks only an award of attorney's fees against Metamining Nevada pursuant to Fla. Stat. § 607.07401(6), which requires Plaintiff to receive "relief." Because Plaintiff has not sought any "relief" against Metamining Nevada, judgment should be entered in Metamining Nevada's favor.

STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure allows a court to enter judgment on the pleadings after the pleadings are closed "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir.2002). The pleadings are deemed "closed" when all

defendants have answered or are otherwise in default. *See Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697-CIV, 2008 WL 4194842, at *2 n.2 (S.D. Fla. Sept. 10, 2008).

**ARGUMENT**

### A. Dismissal is Required Because Plaintiff Has Not Alleged Any Entitlement to Relief Against Metamining Nevada

In the Verified Shareholders Derivative Complaint [D.E. 1], Plaintiff has not alleged a single claim for relief – either legal or equitable – against Metamining Nevada. Plaintiff makes extended reference to Metamining Nevada, its formation and purchase of mining rights, and its sale to Linkwell. [*See* D.E. 1, ¶¶ 3, 5, 30, 71, 77-86, 100-02, 106-11, 115.] Plaintiff does not, however, seek any relief from or regarding Metamining Nevada in any Count of the Complaint.

Pursuant to Rule 8(a)(2), Plaintiff was required to assert "a short and plain statement of the claim showing that the <u>pleader is entitled to relief</u>." Plaintiff's Complaint must provide notice to the defendants, including Metamining Nevada, of the relief to which he believes he is entitled. *See Gonzalez v. Asset Acceptance, LLC*, 308 F. App'x 429, 430 (11th Cir. 2009) (noting the purpose of Rule 8(a)(2) "is to provide the defendant with <u>fair notice of what claim is being alleged</u>") (emphasis added). Plaintiff's burden is not a high one: notice pleading does not "require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim." *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citation omitted). Nevertheless, Plaintiff must still include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery [from Metamining Nevada] under some viable legal theory." *Id.*

4

Plaintiff has not provided such allegations. The Complaint contains no allegations supporting any "claim for relief that is plausible on its face" against Metamining Nevada. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). Where, as here, "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint" under Rule 12(c). *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011).

Accordingly, because the Verified Shareholders Derivative Complaint does not allege or state any affirmative claim for relief against Metamining Nevada, the Court should enter judgment in favor of Metamining Nevada in this action.

### B. Plaintiff's Count VII for "Attorney's Fees" Is Not an Independent Claim for Relief and Is Not Ripe for Adjudication

In Count VII, Plaintiff has asserted a claim for attorney's fees under Fla. Stat. § 607.07401(6). A claim for reasonable attorney's fees under this statute assumes that Plaintiff has prevailed in its shareholder derivative claims. *See Mumma v. Mumma*, 780 So. 2d 1001, 1003 (Fla. Dist. Ct. App. 2001) ("A trial court may award reasonable attorney's fees to a <u>successful plaintiff</u> in a shareholders' derivative action.") (emphasis added). Plaintiff's Count VII appears to be an attempt to preserve a potential (and entirely hypothetical) claim for attorney's fees it may have at the conclusion of this case. *See Stockman v. Downs*, 573 So. 2d 835 (Fla. 1991).[1]

---

[1] *Stockman*, however, has been deemed procedural and does not apply in this Court. *See, e.g., Kamel v. Kenco/The Oaks at Boca Raton, LP*, No. 07-80905-CIV, 2008 WL 3471594 (S.D. Fla. Aug. 11, 2008).

Plaintiff's claim for attorney's fees is, therefore, not ripe because Plaintiff has not achieved "success" against any of the defendants.  Because Plaintiff has not sought any affirmative relief against Metamining Nevada, moreover Plaintiff cannot "succeed" in his derivative action against Metamining Nevada under any circumstances as the Complaint is now framed.  Success connotes a viable claim for relief, which as explained above, Plaintiff has not asserted.  As such, Count VII does not state an independent claim for relief, and judgment should be entered in favor of Metamining Nevada.

## Conclusion

For the foregoing reasons, this Court should (1) grant this Motion and (2) enter judgment in favor of Metamining Nevada and against Plaintiff in this case.

Dated: July 12, 2013                                        Respectfully submitted,

**s/ Ryon M. McCabe, Esq.**
Ryon M. McCabe
Florida Bar No. 009075
**MCCABE RABIN, P.A.**
1601 Forum Place. Ste. 505
West Palm Beach, FL 33401
Telephone: 561.659.7878
Facsimile: 561.242.4848
E-mail: rmccabe@mccaberabin.com
*Counsel for Defendants Song Qiang Chen,*
    *Ling Li, Metamining, Inc. and*
    *Metamining Nevada, Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on July 12, 2013, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               /s   Ryon M. McCabe
                                                 Ryon M. McCabe (009075)

SERVICE LIST

United States District Court, Southern District of Florida

Frederick Siegmund
v.
Xuelian Bian, et al,
and
Linkwell Corporation,

Case No.: 12-cv-62539-WJZ

Charles J. Hecht, Esq.
hecht@whafh.com
Malcolm T. Brown, Esq.
Brown@whafh.com
Wolf Haldenstein Adler
Freeman & Herz, LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212.545.4682
Facsimile: 212.490.3263
hecht@whafh.com

*Pro Hac Vice Attorneys for Plaintiff*

Lisa K. Bennett, Esq.
lisabs222@aol.com
Fischler & Friedman, P.A.
1000 South Andrews Avenue
Fort Lauderdale, FL 33316
Telephone: 954.763.5778

*Attorneys for Plaintiff*

Robert C. Glass, Esq.
rglass@mccaberabin.com
McCabe Rabin, P.A.
1601 Forum Place, Ste. 505
West Palm Beach, FL 33401
Telephone: 561.659.7878
Facsimile: 561.242.4848

*Attorneys for Song Qiang Chen,
Ling Li, Metamining, Inc. and
Metamining Nevada, Inc.*

Carl F. Schoeppl, Esq.
Carl@schoepplburke.com
Schoeppl & Burke, P.A.
4651 North Federal Highway
Boca Raton, FL 33431
Telephone: 561.394.8301
Facsimile: 561.394.3121

*Counsel for Defendants
CD International Enterprises, Inc.
China Direct Investments, Inc. and
Capital One Resource Co., Ltd.*

Ryon M. McCabe, Esq.
rmccabe@mccaberabin.com

8