IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-62539-DPG

FREDERICK SIEGMUND, derivatively on
behalf of LINKWELL CORPORATION,

        Plaintiff,

v.

XUELIAN BIAN, WEI GUAN, SONG QIANG
CHEN, LING LI, METAMINING, INC.,
METAMINING NEVADA, INC.,
CD INTERNATIONAL ENTERPRISES, INC.,
CHINA DIRECT INVESTMENTS, INC.,
CAPITAL ONE RESOURCE CO., LTD., and
ECOLAB INC.,

        Defendants,

and LINKWELL CORPORATION,

        Nominal Defendant.

_____/

## MOTION TO DISMISS FOR LACK OF STANDING

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), Xuelian Bian and Wei Guan (collectively, "Defendants"), by and through their counsel, hereby move this Court to dismiss the Third Amended Complaint on the grounds that plaintiff Frederick Siegmund lacks standing to pursue this action.

### I. BACKGROUND

Plaintiff filed this derivative action on December 26, 2012 as a nominal plaintiff on behalf of Linkwell Corporation. [D.E. 1]. Plaintiff asserts that he has owned Linkwell stock since October 2011. [D.E. 187, preamble & ¶ 21]. Plaintiff asserts derivative claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, constructive fraud, civil

conspiracy, unjust enrichment and imposition of a constructive trust. [D.E. 187, preamble]. All of the claims asserted in the Third Amended Complaint are in connection with a merger transaction between Linkwell and Metamining Nevada, Inc. [D.E. 187, preamble & ¶¶ 1, 3]. After the filing of this action, that merger was unwound. [D.E. 187, ¶ 18].

Though the Metamining merger ultimately did not come to pass, in the fall of 2014 Linkwell entered into a separate merger transaction with a company named Leading World Corporation ("LWC"). The terms of the proposed merger with LWC were described in: i) a letter to shareholders dated August 19, 2014[1], ii) a Notice of Special Meeting of Shareholders[2] regarding voting on the proposed merger, and iii) a proxy statement (the "Proxy Statement")[3] describing the proposed merger in detail, including the consideration being offered to shareholders of Linkwell in connection with the proposed merger. [Decl. of J. Diner, Exs. A, B, C]. The Proxy Statement explained that upon completion of the merger with LWC all shares of Linkwell stock would be cancelled, that shareholders would receive cash payments, and that "holders of [Linkwell] common stock will no longer have any interest in, and will no longer be shareholders of, [Linkwell]". [Decl. of J. Diner, Ex. C, p. 2]. In the Proxy Statement, Linkwell's board[4] recommended that the shareholders vote for the merger because, among other things, the shareholders would receive "merger consideration of $0.88 per share represent[ing] a 487%

---

[1] The August 19, 2014 letter from Linkwell regarding the proposed merger is Exhibit A to the declaration of Jesse Diner, which is attached hereto.

[2] The Notice of Special Meeting of Shareholders is Exhibit B to the declaration of Jesse Diner, which is attached hereto.

[3] The Proxy Statement is Exhibit C to the declaration of Jesse Diner, which is attached hereto.

[4] Defendants had resigned their positions at Linkwell (including their positions on the board of directors of Linkwell) on July 18, 2014, prior to the consideration of the LWC merger. [D.E. 219-1; 219-2]. As a result, Defendants were not participants in the Board's decision to approve the merger with LWC and therefore did not participate in the merger with LWC.

premium over the Company's closing price on June 27, 2014, the last trading day before the date of the merger agreement, and a 651% premium over the Company's 120-trading day volume weighted average price calculated as of August 12, 2014." [*Id.*, p. 12]. Additionally the directors recommended that shareholders vote for the merger because of Linkwell's precarious financial situation. [*Id.*]. In particular, the Proxy Statement described Linkwell's operating loss in 2014 and its negative cash-flow position due to a deteriorating ability to recover accounts receivable and to obtain bank loans in China. [*Id.*, pp. 12-13].

On September 19, 2014, Linkwell filed Articles of Merger with the Florida Department of State[5] stating that a majority of Linkwell's shareholders voted to approve the merger and the merger was consummated. [D.E. 216-1, p. 3 of 19]. As a result of the merger, all issued and outstanding Linkwell stock was cancelled on September 19, 2014, [*Id.*, p. 6 of 19, ¶ 6(a); ¶ 7]. Each holder of cancelled stock gained the right to receive merger consideration of $0.88 per share. [*Id*. p. 6 of 19, ¶ 6(a)-(b)]. According to Plaintiff's stock brokerage account statements[6] all of Plaintiff's Linkwell shares were sold on November 6, 2014 as a result of the merger, and in exchange he received the $0.88 per share merger consideration. [Decl. of J. Diner, Ex. D, p. 7 of 10].

## II. ARGUMENT

The requirement that a plaintiff demonstrate standing to bring suit is jurisdictional, and the failure to do so results in the Court's loss of subject matter jurisdiction over the claim. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a

---

[5] The Articles of Merger were previously filed in this case by Plaintiff at D.E. 216-1.

[6] Plaintiff's November account statement is Exhibit D to the declaration of Jesse Diner, which is attached hereto.

dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)); *see also Bierer-Carter v. U.S.*, 806 F.Supp.2d 1245, 1248 (S.D. Fla. 2011) ("When a court determines that it lacks subject matter jurisdiction, it must dismiss the action."). The burden of establishing subject matter jurisdiction rests with the plaintiff. *Id.* at 1248.

Here, documents produced by Plaintiff and his investment broker demonstrate that Plaintiff lacks standing to maintain this derivative lawsuit because Plaintiff is no longer a Linkwell shareholder.[7] Accordingly, Plaintiff's Third Amended Complaint must be dismissed.

"Under both federal and Florida law, a plaintiff bringing a shareholder derivative suit must be a shareholder when the action was brought and throughout the course of the litigation." *Hantz v. Belyew*, 194 Fed. App'x 897, 898 (11th Cir. 2006) (citing *Schilling v. Belcher*, 582 F.2d 995, 999 (5th Cir. 1978))[8]; *Timko v. Triarsi*, 898 So. 2d 89, 91 (Fla. 5th DCA 2005) ("[W]e hold that a plaintiff in a derivative suit . . . must meet the common law requirement of continuous ownership throughout the pendency of the suit."); *Conboy v. Black Diamond Properties, Inc.*, 2010 WL 2944374, *7-8 (M.D. Fla. 2010) (Under Fed. R. Civ. P. 23.1, derivative plaintiffs "must be shareholders or members of the corporation on whose behalf they have brought suit at

---

[7] Where, as here, a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) and the challenge does not implicate the merits of plaintiff's cause of action, "the district court is free to independently weigh facts . . ., no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (internal quotation marks omitted); *see also Neurocare Inst. of Cent. Fla. P.A. v. Healthtap, Inc.*, 8 F. Supp. 3d 1362, 1364 (M.D. Fla. 2014) ("The court may look outside of the pleadings and attached exhibits to the offer and the surrounding circumstances to determine whether the court has jurisdiction.") (citation omitted).

[8] Decisions of the former Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the time they have filed the suit *and continuing through the life of the action*.") (emphasis added).  This continuous-ownership rule avoids "the anomalous result that a plaintiff with absolutely no 'dog in the hunt' is permitted to pursue a right of action that belongs solely to the corporation."  *Timko*, 898 So. 2d. at 91; *see also Hantz*, 194 F. App'x at 899 ("Rule 23.1 follows the principle that '[o]nly a shareholder, by virtue of his proprietary interest in the corporate enterprise,' has sufficient interest in the well-being of the corporation to sue on its behalf.") (alteration in original).

As a result of the merger between Linkwell and LWC, Plaintiff no longer owns Linkwell shares and, therefore, no longer has standing to assert the claims alleged in the Third Amended Complaint.  *See, e.g., Conboy*, 2010 WL 2944374, *7-8 (granting Rule 12(b)(1) motion after plaintiff was divested of his equity interest in the nominal defendant during the pendency of the lawsuit).  Since Plaintiff's shares were cancelled and paid for as a result of Linkwell's merger with LWC, all shareholder rights pursuant to that stock were also extinguished.  Without a shareholder interest in Linkwell, Plaintiff has "no dog in the hunt" and  lacks standing to pursue the derivative claims asserted in the Third Amended Complaint.  *Timko*, 898 So. 2d. at 91.  Accordingly, the Third Amended Complaint must be dismissed for lack of standing.[9]  *See Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1373 (M.D. Fla. 2009) (finding that plaintiffs did not have

---

[9] Plaintiff cannot avoid dismissal through any equitable exception to the standing requirement of Fed. R. Civ. P. 23.1 and Florida state law that Plaintiff be a continuous owner of Linkwell stock to maintain this action.  As an initial matter, neither the Eleventh Circuit nor the state courts in Florida have recognized any such exception.  *See*, *e.g., Hantz*, 194 Fed. Appx. 897, *2.  To the extent that courts in other jurisdictions have done so, these cases are inapposite because they each involve complaints that contain allegations of wrongdoing related to the circumstances through which the plaintiff ceased to be a shareholder.  *See*, *e.g.*, *Arnett v. Gerber Scientific, Inc.*, 566 F. Supp. 1270, 1273 (S.D.N.Y. 1983).  The Third Amended Complaint contains no such allegations.

standing to pursue their claims because they did not maintain continuous ownership after a merger).

### III. CONCLUSION

Because Plaintiff's action is purely derivative, yet Plaintiff no longer owns any shares of Linkwell Corporation stock, Defendants request the Third Amended Complaint be dismissed due to Plaintiff's lack of standing.

Dated:  October 8, 2015

Respectfully submitted,

s/ Jesse Diner
Samuel W. Braver
Florida Bar No. 539074
Jesse H. Diner
Florida Bar No. 161472
S. Carey Villeneuve
Florida Bar No. 60621
**Buchanan Ingersoll & Rooney PC**
1200 East Las Olas Blvd., Suite 500
Fort Lauderdale, FL  33301
Phone: 954.703.3900
samuel.braver@bipc.com
jesse.diner@ bipc.com
carey.villeneuve@ bipc.com

*Counsel for Defendants,*
*Xuelian Bian and Wei Guan*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 8, 2015, I caused the foregoing document to be electronically filed on CM/ECF, thereby causing electronic notice to be provided to all counsel.

/s Jesse Diner
Jesse H. Diner, Esquire