UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62539-CIV-GAYLES/TURNOFF

**FREDERICK SIEGMUND,** *derivatively*
*on behalf of* **LINKWELL CORPORATION,**
    Plaintiff,

  v.

**XUELIAN BIAN, et al.,**
    Defendants,

 and

**LINKWELL CORPORATION,**
    Nominal Defendant.
              /

## ORDER

  **THIS CAUSE** comes before the Court on Defendants Xuelian Bian and Wei Guan's Objections [ECF No. 277] to an Order by Magistrate Judge William C. Turnoff [ECF No. 265] granting the Plaintiff's motion to compel Defendants Xuelian and Wei to respond to requests for production [ECF No. 240]. The Court has considered the order, the motion briefs, the objections, the record, and the applicable law, and is otherwise fully advised in the premises.

**I. BACKGROUND**

  The Court recites only the facts pertinent to ruling on the Objections. In this shareholder derivative action, Plaintiff Frederick Siegmund, on behalf of Linkwell Corporation ("Linkwell"), alleges that Xuelian and Wei, as directors of Linkwell, breached their fiduciary duties of loyalty, due care, and good faith by, *inter alia*, causing Linkwell to issue nearly all its equity, assets, and operation to themselves and the other Defendants for inadequate consideration. The Objections currently before the Court are just one small part of a lengthy discovery dispute between the parties.

1

Xuelian and Wei became officers and directors of Linkwell in 2005. Xuelian was CEO, President, and Chairman of the Board of Directors, and Wei was Vice President and a member of the Board of Directors. On November 17, 2014, in response to an earlier discovery motion filed by the Plaintiff, Xuelian and Wei filed sworn declarations in which each testified that he resigned from his position as director and officer, effective July 18, 2014. [ECF Nos. 219-1 & 219-2]. They also provided Linkwell's corporate resolutions accepting those resignations.

On January 8, 2015, the Plaintiff served Xuelian and Wei with requests for production (the "Requests"). In their response, filed February 12, 2015, Xuelian and Wei objected to a majority of the Requests seeking Linkwell corporate documents by claiming they do not have any responsive documents in their possession, custody, or control, due to the fact that they had resigned from their executive positions at Linkwell months earlier. On March 11, 2015, the Plaintiff filed a motion to compel Xuelian and Wei to respond to the Requests. [ECF No. 240]. He argued that it was not plausible that Xuelian and Wei, as directors of Linkwell, did not have possession, custody, or control of the Linkwell corporate documents he sought to discover.

Magistrate Judge William C. Turnoff held a hearing on the motion to compel on April 9, 2015. At the hearing, Plaintiff's counsel provided a printout of Linkwell's amended annual report from sunbiz.org (the website for the Florida Department of State, Division of Corporations), dated June 24, 2014, which listed Xuelian and Wei as directors. Based on this, Plaintiff's counsel argued that Xuelian and Wei were still at that time directors of Linkwell. Counsel for Xuelian and Wei, referring to the previously filed declarations, argued that they had resigned as officers and directors of Linkwell months prior to the Plaintiff's Requests and therefore could not produce the corporate documents. The Magistrate Judge noted that there was a probable relationship between Xuelian and Wei and the new directors at Linkwell who might be willing to respond to Xuelian and Wei's requests to obtain the documents (should they be compelled to make them) and further commented

on the negative inference that could reasonably follow from the fact that they resigned shortly after being served with the complaint.

The Magistrate Judge did not make factual findings, but granted the Plaintiff's motion to compel based on the record before him. He said that it would be up to Xuelian and Wei "to comply and to do everything they can within their power," and he ordered them to either produce the documents within fourteen days or, presumably, the Plaintiff would "move for appropriate consequences." [ECF No. 277-1 at 22-23]. Further, while acknowledging Xuelian and Wei's argument that they could not comply with the requests, the Magistrate Judge determined that there is no reason why they could not request the documents of their former corporation. [*Id.* at 23]. The next day, he entered a written order granting the motion to compel for the reasons stated at the hearing in open court (the "Order"). [ECF No. 265]. Xuelian and Wei filed the instant Objections on April 24, 2015, and the Plaintiff responded (the "Objections"). [ECF Nos. 277 & 289].

## II.    DISCUSSION

### A.    *Standard of Review*

A party may file objections to a magistrate judge's nondispositive pretrial order. Upon review, the district court is required to consider the objections and must set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation and internal quotation marks omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Root ex rel. A.R. v. Dudek*, — F. Supp. 3d —, 2015 WL 9311651, at *2 (S.D. Fla. Dec. 18, 2015) (citation and internal quotation marks omitted). "In the absence of a legal

error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012).

### B. *"Control" of Documents Under Fed. R. Civ. P. 34*

Under Federal Rule of Civil Procedure 34, "control" governs the production of documents. The Eleventh Circuit defines control "not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). As the parties do not seem to dispute that Xuelian and Wei do not have ***actual physical*** possession of the requested Linkwell documents, they can be compelled to produce only documents they have the "legal right" to obtain "upon demand." *Id.* The Plaintiff, as the party seeking production of the documents, bears the burden of proving that Xuelian and Wei have such control. *United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989), *cited in Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 473 n.2 (S.D. Fla. 2011).

"A corporation is a legal entity existing separate and distinct from its shareholders, officers, and directors." *FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 421 (5th Cir. 1980); *see also Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1074 (11th Cir. 2003) (recognizing that corporations are separate legal entities under Florida law). As a corporation exists separately from its officers and directors, it exists much more separately from its ***former*** officers and directors.

Per their sworn declarations, Xuelian and Wei were no longer officers and directors of Linkwell as of July 18, 2014. The declarations were filed in this action a month and a half prior to the date the Plaintiff served his requests. The sunbiz.corg annual report relied upon by the Plaintiff does not rebut the evidence already in the record that Xuelian and Wei were no longer Linkwell directors. Merely holding the status as being the former director of a corporation does not satisfy the "control" standard under Rule 34. To the extent that the Order holds that Xuelian and Wei had control over the requested documents such that they could be compelled to produce them under

4

Rule 34, that ruling is contrary to law, as it improperly "disregards [Linkwell]'s corporate form and its existence as a distinct legal entity." *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001).

In *American Maplan*, the plaintiff, American Maplan Corporation ("AMC"), filed an action against its former president, Heilmayr, alleging that he violated a covenant not to compete when he became the president of a competitor company, Vinyl Extrusion Technologies ("VET"). Heilmayr objected to a discovery order by the magistrate judge granting AMC's motion to compel to the extent that it required him to produce VET's corporate books and records, arguing that he could not be required to produce corporate documents in a suit brought against him personally. The district court agreed with Heilmayr and reversed the magistrate's order, finding that it "effectively ignore[d] the distinction between a corporation, on the one hand, and its officers and shareholders, on the other hand." *Id.* Given that VET was not a sole proprietorship and that AMC had not alleged that Heilmayer was the "alter ego" of VET (nor was there any evidence or allegation that Heilmayer and VET were "essentially one and the same"), the court concluded that AMC "cannot properly seek to obtain from one entity or individual what belongs to another." *Id.*

Although *American Maplan* involved some idiosyncrasies of Texas law limiting the right of access that officers and shareholders have to corporate books and records, the reasoning is still equally applicable here. Whereas in *American Maplan*, the plaintiff was barred from compelling a corporation's president to produce that corporation's books and records, here the Plaintiff—in a situation one step removed—seeks to compel ***former directors*** to produce the books and records of a corporation over which they no longer have control. The Plaintiff has not established that the requested information could not be obtained directly from Linkwell, yet the Plaintiff seeks that information from Linkwell's former directors.

5

The Plaintiff, in his response to the Objections, contends that "documents have been considered to be under a party's control . . . when that party has the right, authority or practical ability to obtain the materials sought on demand," seemingly in support of the argument that Xuelian and Wei have, at the very least, the "practical ability" to obtain the documents from Linkwell. [ECF No. 289 at 9] (quoting *Costa*, 277 F.R.D. at 470 (citation and internal quotation marks omitted)). Along those lines, the Magistrate Judge considered the potential relationship between Xuelian, Wei, and their replacements on the board of directors at Linkwell in granting the motion to compel because, perhaps, the new directors would be amenable to complying with the requests. But "even under the most expansive interpretation of 'control,' the 'practical ability' to demand production must be accompanied by a similar ability to enforce compliance with that demand." *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003). A possibility that a request *might* be complied with is not the same as "control" under Rule 34. *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993) ("[T]he fact that a party could obtain a document if it tried hard enough . . . [or even] if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite."). A former director's apparent ability to request documents from his former corporation (or from the appropriate custodian at that corporation) is not the same as the *right* to obtain those documents upon demand or the ability to enforce compliance with that demand.

### III.   CONCLUSION

In sum, the Court finds that the Magistrate Judge's Order "effectively ignores the distinction between a corporation, on the one hand," and that corporation's former directors and officers on the other. *American Maplan*, 203 F.R.D. at 502. Because there is no legal authority through which the Magistrate Judge could have compelled Xuelian and Wei to produce documents in the custody

of a corporation from which they had long since resigned, the Order granting the motion to compel is contrary to law.[1]

Accordingly, the Defendants' Objections [ECF No. 277] are **SUSTAINED** and the Magistrate Judge's Order [ECF No. 265] is **REVERSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of April, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] In making his ruling, the Magistrate Judge alluded to the specter of impropriety that seems to arise from Xuelian and Wei's sudden resignations from their positions following service in this suit. But such impropriety has no bearing on either the Requests or the motion to compel, nor does it grant a court the authority to compel two non-directors to produce documents from a corporation over which they no longer have control, and over which they had no control at the time the Plaintiff requested the production. *See Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request . . . is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect.").