UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62539-CIV-GAYLES/TURNOFF

**FREDERICK SIEGMUND,** *derivatively*
*on behalf of* **LINKWELL CORPORATION,**
                Plaintiff,

     v.

**XUELIAN BIAN, et al.,**
                Defendants,

    and

**LINKWELL CORPORATION,**
                Nominal Defendant.
                                      /

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Frederick Siegmund's Motion for Reconsideration of Order Dismissing Action for Lack of Standing [ECF No. 373] and Motion for Reconsideration of Order Sustaining Objections and Reversing April 10, 2015 Order [ECF No. 371]. He seeks reconsideration of this Court's Order of April 11, 2016 [ECF No. 369] (the "April 11 Order"), in which the Court granted Defendants Xuelian Bian and Wei Guan's motion to dismiss for lack of standing [ECF No. 325]. He also seeks reconsideration of this Court's Order of April 6, 2016 [ECF No. 365] (the "April 6 Order"), in which the Court sustained Xuelian and Wei's objections to Magistrate Judge William C. Turnoff's Order of April 10, 2015 [ECF No. 265] and reversed the Magistrate Judge's order. The Court has considered the Orders, the parties' briefs, the record, and the applicable law and is otherwise fully advised in the premises.

"[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). The only grounds for granting a motion for reconsideration, pursuant to Federal Rule

1

of Civil Procedure 59(e), are (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct manifest errors of law or fact. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151-52 (11th Cir. 2011); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)). Finally, "[a] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly." *Armbuster v. Rosenbloom*, No. 15-0114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal punctuation omitted).

The Court previously gave a comprehensive recitation of the underlying facts in its Orders (*see* April 11 Order at 1-7; April 6 Order at 1-3), but will provide below the relevant facts pertaining to the instant motions.

I.     APRIL 11 ORDER

The Plaintiff, Frederick Siegmund, brought a shareholder derivative suit on behalf of Nominal Defendant Linkwell Corporation ("Linkwell") to contest a reverse-merger transaction that occurred in early 2012 but was later unwound. In 2014, Linkwell entered into a second, separate merger transaction with Leading World Corporation ("Leading World"). Once consummated, that merger resulted in, *inter alia*, the cancellation of Siegmund's Linkwell shares. After discovery revealed that Siegmund no longer owned shares in Linkwell, Defendants Xuelian and Bian filed a motion to dismiss for lack of standing on October 8, 2015, arguing that because Siegmund no longer had standing to maintain the derivative suit because he was no longer a

Linkwell shareholder after the merger. After careful consideration of the motion and a review of pertinent governing federal and Florida state law, the Court agreed. *See* April 11 Order at 9-13. Siegmund timely filed his motion for reconsideration.

Siegmund argues for reconsideration on two grounds: first, that the Court "ignore[d]" a Florida appellate court case that he relied on in his opposition to the motion to dismiss and, second, that the Court did not address whether the Linkwell–Leading World merger complied with Florida law. The Court addresses each argument in turn.

### A.  *The Court Was Not Required to Address the Specific Case the Plaintiff Cited in His Brief*

The thrust of Siegmund's opposition to Xuelian and Wei's motion to dismiss for lack of standing was that this Court should create an exception to the rule that "[u]nder both federal and Florida law, a plaintiff bringing a shareholder derivative suit must be a shareholder when the action is brought and throughout the course of the litigation." *Hantz v. Belyew*, 194 F. App'x 897, 898 (11th Cir. 2006) (per curiam). Specifically, Siegmund urged the Court to adopt an exception, recognized by ***Delaware*** courts under ***Delaware*** law, that where a merger that divests a derivative plaintiff of his shares is subject to a claim of fraud, the fact that he no longer owns shares in the corporation ***because*** of that merger does not in turn divest the court of subject matter jurisdiction. *See* [ECF No. 333 at 11]. He argued that "Florida courts have relied upon Delaware corporate law to establish their own corporate doctrines." *Id.* (citation and internal quotation marks omitted). One of the cases Siegmund cited in support of this proposition was *Williams v. Stanford*, 977 So. 2d 722, 727 (Fla. 1st DCA 2008), which he believed was "instructive" on the issue of whether this Court should adopt the Delaware exception to the continuous ownership rule. *See* [ECF No. 333 at 11-12]. The Court reviewed *Williams* in its consideration of the motion to dismiss but found it to be inapposite, as it did not involve the continuous ownership rule at all. Rather, the Florida

3

appellate court in that case adopted the Delaware Chancery Court's interpretation of the "fraud or material representation" exception found in the most recent version of Florida's "appraisal rights" statute, Fla. Stat. § 607.1302(4)(b), when, at that time, "no Florida court ha[d] had occasion to interpret the governing provisions of section 607.1302 in its 2003 form." *Williams*, 977 So. 2d at 727. As *Williams* addressed different factual and legal issues than those present in this matter, the Court elected not to address the case in its analysis. *See Ocean View Towers Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60447, 2012 WL 8569, at *2 (S.D. Fla. Jan. 1, 2012) ("The Court need not discuss every case cited by the parties especially where the cases address different factual and legal issues."); *Dungan v. Chase Home Fin., LLC*, No. 10-14549, 2011 WL 4737581, at *1 (E.D. Mich. Oct. 7, 2011) ("A court need not address every case cited by a party.").

Siegmund takes great issue with the fact that the Court did not explicitly mention *Williams* in the April 11 Order. But "courts are not required to address every case cited by a litigant, and declining to distinguish a particular non-controlling decision can hardly constitute an abuse of discretion." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). Granted, as this is a diversity case and no controlling decision from the Florida Supreme Court exists, the Court is "obligated to follow decisions from the Florida intermediate appellate courts unless there is some persuasive indication that the Supreme Court would decide the case differently." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003). That said, the Court determined that *Williams* is neither apposite nor controlling in this instance, because it is both factually and legally distinguishable from the issues raised by the motion to dismiss. The Court read and considered Siegmund's arguments and—following an apposite decision of the Florida intermediate appellate courts, *Timko v. Triarsi*, 898 So. 2d 89 (Fla. 5th DCA 2005)—issued an order that addressed the material issues that bore on the proper resolution of the motion to dismiss. More is not required.

*See Chloe SAS v. Sawabeh Info. Servs. Co*, No. 11-4147, 2013 WL 901986, at *5 (C.D. Cal. Jan. 31, 2013).

Siegmund also asserts that this Court has somehow "misapprehended" or "ignored" "relevant authority" by declining to address *Williams*. Quite the contrary. The Court did not misapprehend or ignore *Williams*; it just did not agree with Siegmund's argument that it should be followed to create a heretofore unrecognized exception to a common law rule. *See Tersigni v. Wyeth*, 817 F.3d 364, 369 (1st Cir. 2016) (stating that a federal court applying state law is "bound to apply state law as it exists, not as it may become, or as the plaintiff wishes it to be" (citing *Ryan v. Royal Ins. Co. of Am.*, 916 F.2d 731, 744 (1st Cir. 1990) ("We have warned, time and again, that litigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed . . . . We may, perhaps, be unadventurous in our interpretation of [state] law, but a plaintiff who seeks out a federal venue in a diversity action should seek no more." (citation and internal quotation marks omitted))))).

Siegmund's present arguments based on *Williams* were already made and were already rejected. He is not permitted to relitigate old matters on a motion for reconsideration, and he is certainly barred from raising new arguments or new legal theories based on *Williams* or any other case, because he has not established that any of those arguments could not have been made prior to entry of the April 11 Order. *See Michael Linet, Inc.*, 408 F.3d at 763.[1]

### B.   *The Plaintiff's Argument that the Merger is Void or Voidable is Barred*

Siegmund's second proposed ground for reconsideration is that the Court failed to address whether the Linkwell–Leading World merger complied with Florida law. He argues now that the merger is void or voidable.

---

[1] The foregoing discussion applies equally to Siegmund's arguments raising his citation to *Foreclosure FreeSearch, Inc. v. Sullivan*, 12 So. 3d 771 (Fla. 4th DCA 2009). *See* [ECF No. 373 at 3-4].

In his opposition to the motion to dismiss, Siegmund alleged that Linkwell failed to provide Siegmund notice of the Special Meeting of Shareholders prior to the merger, in contravention of Fla. Stat § 607.1103 and § 607.0705. He argued that the failure to satisfy the notice requirement of those statutes "warranted" application of the Delaware exception to Florida's continuous ownership rule. *See* [ECF No. 333 at 12-14]. This recitation constitutes the entirety of Siegmund's argument on the issue. He never argued that the Linkwell–Leading World Merger was invalid, and he never once used the words "void" or "voidable."[2]

The governing standard on a motion for consideration is clear that the prohibition on raising argument that could have been raised prior to the entry of judgment "includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation and internal quotation marks omitted). "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Indeed, a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace." *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999). The onus is not on the Court to have inferred an argument that the Linkwell–Leading World merger should be held void or voidable based solely on Siegmund citing to the notice statute in his opposition and citing Linkwell's lack of compliance with that specific provision as support for the unrelated argument that the Court should adopt Delaware's exception to the Florida continuous ownership rule. Assuming *arguendo* that an argument regarding the validity of the merger was previously available to Siegmund, he failed to raise it then, and he is not permitted to raise it now.

---

[2] He summed up his argument as such: "Here, no notice of the merger was provided to Plaintiff. Given Defendants' apparent self-dealing and waste of the Company's assets in connection with the Transaction, that Defendants did not disclose the merger or provide Plaintiff with notice of the Special Meeting, rendering the merger a *fait accompli*, **application of the exception to the continuous ownership rule is warranted**." [ECF No. 333 at 14] (emphasis added).

6

Moreover, to the extent Siegmund claims that "newly discovered evidence" justifies reconsideration of the motion to dismiss on this ground, that claim fails. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

The emails and other documents Siegmund cites as "newly discovered evidence" were all sent or created between September and November 2014. The original motion to dismiss for lack of standing was not filed until ***October 2015***, did not ripen until ***December 2015***, and was not ruled on until ***April 2016***. Siegmund has made no showing that these emails and documents were not available during the pendency of the motion to dismiss or that these emails and documents could not have been discovered with reasonable diligence. The mere existence of this evidence alone does not provide a basis for reconsideration. *See M.G. v. St. Lucie Cnty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014) ("M.G. has failed to demonstrate that the substantive information contained in the documents upon which she relies was unavailable earlier. M.G.'s letter, the three police reports, and the arrest affidavit all concern incidents that happened—and of which M.G. was aware—***before*** M.G.'s initial complaint was dismissed. Nothing evidences that these police reports—or at least the information contained in the police reports—could not have been discovered earlier with reasonable diligence. Thus, M.G. has failed to demonstrate the existence of 'newly discovered evidence' warranting the district court's reconsideration.").

To the extent any of this evidence was previously included in his opposition to the motion to dismiss, this also does not provide grounds for reconsideration. Again, it is not the Court's burden "to distill every potential argument that could be made based upon the materials before it." *Resolution Trust Corp.*, 43 F.3d at 599. Accordingly, the motion to reconsider the April 11 Order shall be denied.

7

## II.     APRIL 6 ORDER

On April 9, 2015, Judge Turnoff issued an order granting Siegmund's motion to compel Xuelian and Wei to respond to requests for production of Linkwell corporate documents. *See* [ECF No. 265]. Xuelian and Wei filed objections to this order, arguing that they do not have "control" of the documents under Federal Rule of Civil Procedure 34 because they resigned as officers and directors of Linkwell more than six months prior to the date Siegmund propounded his original request for production. After careful consideration, this Court held that "[a] former director's apparent ability to request documents from his former corporation (or from the appropriate custodian at that corporation) is not the same as the *right* to obtain those documents upon demand or the ability to enforce compliance with that demand" and found that "[b]ecause there is no legal authority through which the Magistrate Judge could have compelled Xuelian and Wei to produce documents in the custody of a corporation from which they had long since resigned, the Order granting the motion to compel is contrary to law," and thereby reversed the Magistrate Judge's order. Order at 6-7. Siegmund timely filed his motion for reconsideration.

Because the April 6 Order "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," Fed. R. Civ. P. 54(b), it is interlocutory in nature and, as such, a district court, in general, "at any time before final decree may modify or rescind it," *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922). But a district court "possesses" this "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" *only* "[a]s long as [the] court has jurisdiction over the case." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1225 (11th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)). Given that the Court determined in the April 11 Order that it no longer has subject matter jurisdiction over this case,

and given that it also has just denied reconsideration of that order, the Court does not possess the power to reconsider the interlocutory April 6 Order.

Even if the Court *did* have such power to reconsider the April 6 Order, Siegmund's motion for reconsideration would still fail. Siegmund argues that the Court erred by reversing the Magistrate Judge's April 10, 2015, Order without finding any of his factual determinations to be clearly erroneous. [ECF No. 371 at 7-9]. As an initial matter, Siegmund either misread the April 6 Order or misunderstands the standard governing a district court's review of a magistrate judge's non-dispositive pretrial order. *See* April 6 Order at 3 ("Upon review, the district court is required to consider the objections and must set aside any portion of the order found to be 'clearly erroneous *or contrary to law*.'" (emphasis added) (quoting Fed. R. Civ. P. 72(a))); *id.* at 4 ("To the extent that the [magistrate judge's] Order holds that Xuelian and Wei had control over the requested documents such that they could be compelled to produce them under Rule 34, *that ruling is contrary to law* . . . ." (emphasis added)); *id.* at 6 ("Because there is no legal authority through which the Magistrate Judge could have compelled Xuelian and Wei to produce documents in the custody of a corporation from which they had long since resigned, the Order granting the motion to compel *is contrary to law*." (emphasis added) (footnote omitted)). The Court found that the Magistrate Judge's order was contrary to law; reversal was therefore warranted without making any finding that any factual determination by the Magistrate Judge was clearly erroneous.

In fact, there were no factual determinations that this Court even theoretically ***could have found*** clearly erroneous, because, as this Court stated in the April 6 Order, and as the Defendants have pointed out, the Magistrate Judge was repeatedly and extraordinarily clear in the hearing underlying his order that he made ***no*** factual findings in issuing his ruling. *See* April 6 Order at 3 ("The Magistrate Judge did not make factual findings."); *see also* [ECF No. 277-1, at 19:3] ("but I am not making any findings"); [*id.* at 25:9] ("And I am not making any findings, at this point");

9

[*id.* at 25:21-22] ("and I am not making findings or representations"); [*id.* at 27:24] ("I am not making any findings here."); [*id.* at 31:11] ("and I am not making any findings").

Furthermore, Siegmund's argument that the Court should reconsider its conclusion that the Magistrate Judge's order was contrary to law is barred. As the Court has already stated, "it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly." *Armbuster*, 2016 WL 1441467, at *1 (citation and internal punctuation omitted). While Siegmund certainly argues with more force that this Court should have applied his interpretation of "control" under Fed. R. Civ. P. 34, or that Xuelian and Wei's representation that they were no longer Linkwell directors was somehow deficient in an evidentiary sense, he does nothing more than attempt to relitigate issues the Court has already ruled upon.³

Siegmund also argues, referring to the Court's statement from the April 6 Order that "Plaintiff has not established that the requested information could not be obtained directly from Linkwell, yet . . . seeks that information from Linkwell's former directors," April 6 Order at 5, that the April 6 Order "misapprehends or ignores evidence establishing Plaintiff's inability to obtain discovery from Linkwell," [ECF No. 371 at 10]. The Court recognizes the mistake apparent in the complained-of statement. As Siegmund dutifully pointed out, the Clerk issued an Order of Entry of Default against Linkwell on March 24, 2015 [ECF No. 252], and on September 29, 2015, this Court entered an Endorsed Order adopting the Magistrate Judge's recommendation that Siegmund's motion for an order of contempt against Linkwell be granted for failure to comply

---

³ Siegmund makes much in his briefing of his claim that the Court "did not apply relevant precedent to determine 'control,'" in ruling on the Magistrate Judge's order, *e.g.*, [ECF No. 380 at 2], because it did not follow the more lenient "practical ability" standard announced in *Costa v. Kerzner International Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011). But "[a] district court is not bound by another district court's decision, or even an opinion by another judge of the same district court." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991). The Court, therefore, was bound to follow only the standard announced by the Eleventh Circuit in *Searock v. Stripling*, 736 F.2d 650 (11th Cir. 1984)—which it did—not the decisions of the *Costa* court or any other district court utilizing a different standard.

with discovery orders [ECF No. 322], *adopting in part* [ECF No. 258].[4] Despite the erroneous account of the procedural history of this case contemplated by the Court's statement, the statement was still no more than *dictum*. The Court did not at all factor it into the conclusion that Xuelian and Wei, as ***former*** directors of Linkwell, did not have "control" over Linkwell's documents, as required by Fed. R. Civ. P. 34, and as that term has been interpreted by the Eleventh Circuit, *see Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

Finally, to the extent Siegmund argues that newly available evidence he attached to his motion, and other "newly available evidence" that he attached to his reply, confirms the allegation that Xuelian and Wei "always maintained control and access to documents sought in the requests," that argument fails. [ECF No. 371 at 11]; [ECF No. 380 at 8-10]. In his motion, Siegmund states that the law firm Sidley Austin—subsequent to an order by the Magistrate Judge on February 10, 2016, granting Siegmund's own motion to compel—"produced certain documents . . . which confirm that Xuelian and/or Wei, at all relevant times, possessed the practical ability to obtain the documents sought in the Requests." [ECF No. 371 at 16]. In his reply, Siegmund states that "in November 2014, almost four (4) months after the effective date of Defendants' resignations, Xuelian executed Statements on Lost Share Certificate ('Statements') on behalf of Linkwell," and attaches emails created on January 14 and 15, 2015, in support of the new allegation that Xuelian and Wei falsely represented to the Court that they had resigned from Linkwell in July 2014. [ECF No. 380 at 8-10].

The Court's analysis in Section I.B., *supra*, applies equally here. Siegmund has made no showing that the documents he contends "confirm" his allegations regarding control were unavailable to him prior to the Court's April 6 Order or that they could not have been discovered with

---

[4] Notably, when granting the motion to compel against Linkwell, the Court simultaneously denied the motion to compel against Xuelian and Wei, finding that the Magistrate Judge had "correctly determined that the Court's orders against Linkwell could not be properly enforced through those individual defendants, as they are no longer directors of the corporation." [ECF No. 322].

reasonable diligence. *See M.G.*, 741 F.3d at 1262; *Mays*, 122 F.3d at 46. Assuming all of these documents were produced by Sidley Austin in compliance with the Magistrate Judge's February 10, 2016, order, at no time in the weeks between their production and this Court's issuance of the April 6 Order did Siegmund report to the Court that these documents had been produced, nor did he file any briefing (or request therefor) based on the contents of these documents that could have informed the Court's review of the Magistrate Judge's order on the motion to compel.[5] Consequently, the motion to reconsider the April 6 Order shall be denied.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1) the Plaintiff's Motions for Reconsideration [ECF Nos. 371 & 373] are **DENIED**;

(2) Defendants Xuelian Bian and Wei Guan's Motion for Leave to File Sur-Reply to Motion for Reconsideration of Order Granting Dismissal for Lack of Standing [ECF No. 388] is **DENIED AS MOOT**; and

(3) Defendants Song Qiang Chen; Ling Li; Metamining, Inc.; and Metamining Nevada, Inc.'s Request for Attorneys' Fees and Costs [ECF No. 378] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of June, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[5] Even if Siegmund had provided this documentation ahead of the April 6 Order, he has offered no authority to support his assertion that the general proposition that "a client has a legal right to demand documents from its former or present counsel," [ECF No. 380 at 9] (quoting *Jans ex rel. Jans v. GAP Stores, Inc.*, No. 05-1534, 2006 WL 2691800, at *1 (M.D. Fla. Sept. 20, 2006)), somehow also means that a *former director* of a corporation can be required to produce documents in the possession of his *former corporation's counsel*. This argument both strains credulity and readily ignores the relationship between attorney and client, as well as a corporation's status as a legal entity separate and apart from individual former directors. The fact that Sidley Austin represented Xuelian and Wei in their capacity as directors of Linkwell does not give Xuelian and Wei, *after* they resigned from their positions as directors, the legal right to demand Linkwell's corporate documents from Sidley Austin.